**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| *In re Subaru Battery Drain Prod. Liab. Litig.* | No. 1:20-cv-03095-JHR-JS |
|  | **CLASS ACTION** |
|  | **JURY TRIAL DEMANDED** |

**STIPULATION AND [PROPOSED] ORDER FOR THE APPOINTMENT
OF INTERIM COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

Plaintiffs, by and through their respective counsel of record, hereby stipulate and move the Court for an Order as follows:

WHEREAS, this litigation arises from allegations that Defendants manufactured, sold, and leased certain Subaru vehicles containing defective vehicle batteries and electrical systems that suffer from a continuous parasitic drain;

WHEREAS, on April 28, 2020, the Court entered an Order Consolidating Cases and Setting a Briefing Schedule for the Appointment of Lead Counsel (ECF No. 8), which consolidated *Burd v. Subaru of America Inc. et al.*, No. 1:20-cv-03095-JHR-JS; *Stone et al. v. Subaru of America Inc. et al.*, No 1:20-cv-03232-JHR-JS; *Tomasian et al. v. Subaru of America Inc.*, No. 1:20-cv-03233-JHR-JS; *Dalen v. Subaru of America, Inc. et al.*, No. 1:20-cv-04393-JHR-JS; and *Gill v.*

1

*Subaru of America, Inc., et al.*, No. 1:20-cv-04973-JHR-JS (collectively, the "Consolidated Actions");

WHEREAS, the Court also ordered all cases other than *Burd v. Subaru of America Inc. et al.*, No. 1:20-cv-03095-JHR-JS to be administratively terminated, and recaptioned *Burd* to be titled *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-cv-03095-JHR-JS;

WHEREAS, the Court also ordered interested counsel to file an application for consideration as interim class counsel within ten (10) days from the entry of the consolidation order;

WHEREAS, counsel for Plaintiffs have met and conferred for the purpose of devising an efficient and coordinated procedure for the litigation of the consolidated action;

WHEREAS, counsel for Plaintiffs in the Consolidated Actions seek to continue a professional working relationship that they anticipate will be conducive to effective and efficient management and litigation of this case;

WHEREAS, Plaintiffs' counsel are unaware of any other filed cases in the United States making the same or similar claims against the Subaru of America, Inc. or Subaru Corporation;

WHEREAS, Plaintiffs and their respective counsel seek to avoid any

2

uncertainty or confusion regarding whether Plaintiffs' counsel is authorized to speak for the putative class, as the parties continue to hold discussions on topics including this functional consolidation, challenges to the amended pleading, discovery, alternative dispute resolution and/or settlement;

WHEREAS, counsel for all Plaintiffs in the Consolidated Actions have met and conferred and have agreed to work together on behalf of Plaintiffs and the proposed class in accordance with the proposed leadership structure set forth below;

WHEREAS, Fed. R. Civ. P. 23(g)(3) states that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action";

WHEREAS, the *Manual for Complex Litigation, Fourth*, § 21.272 at p. 279, endorses the "private ordering" method for selecting class counsel, noting that it is "the most common" approach, by which "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests";

WHEREAS, Plaintiffs seek appointment of their counsel as interim counsel because it will formally empower them to make the necessary decisions on behalf

3

of the putative class;

WHEREAS, as reflected in the declarations and firm resumes submitted herewith, proposed interim counsel are well-qualified to represent the interests of the putative class;

WHEREAS, proposed interim counsel have undertaken significant effort on behalf of putative class members already, including through a thorough factual and technical investigation into the alleged electrical defect; consultation with experts; interviewing numerous affected consumers and review of their documents; and coordination with defense counsel regarding consolidation of the related actions; and

WHEREAS, although Defendants Subaru of America, Inc. and Subaru Corporation deny the allegations of the complaints and intend to vigorously defend the matters, counsel for Defendants do not oppose the Stipulation for the Appointment of Interim Counsel;

**IT IS HEREBY STIPULATED AND AGREED**, by Plaintiffs, subject to the Court's approval, that:

1.      Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Matthew D. Schelkopf of Sauder Schelkopf LLC, Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC, and Adam Polk of Girard Sharp LLP to

4

serve as Interim Co-Lead Counsel, Benjamin Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP as the Chair of the Executive Committee, Todd Garber of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, Daniel Herrera of Cafferty Clobes Meriwether & Sprengel LLP, and Tina Wolfson of Ahdoot & Wolfson, P.C. to the Executive Committee, and Bruce Greenberg of Lite DePalma Greenberg LLC to serve as Liaison Counsel (collectively, "Interim Counsel").

2.    Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221 and 40.22, Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

    a.  To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

    b.  To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Federal Rule of Civil Procedure 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of

witnesses in depositions;

c. To retain experts;

d. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

e. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

g. To collect, review, and maintain adequate time and disbursement records covering services as Interim Counsel;

h. To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i. To delegate specific tasks to the Executive Committee and Liaison Counsel in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and

6

effectively; and

j.  To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

3.      For ease of administration and in the interest of cooperation with Defendants during this litigation, all communications with Defendants shall be conducted by and through Matthew D. Schelkopf. If Matthew D. Schelkopf is unavailable, then communications with Defendants shall be conducted by and through Adam Polk.

4.      Pursuant to the Court's April 28, 2020 Order, Plaintiffs shall file a Consolidated Amended Complaint within twenty-one (21) days of the Court's entry of its order appointing Interim Counsel.

5.      Unless otherwise ordered by the Court, this Order shall apply to any action filed in, transferred to, or removed to this Court, which relates to the subject matter at issue in the Actions. Interim Counsel will promptly notify the Court if any such Actions are filed.

DATED: May 4, 2020                    By:   */s/ Matthew D. Schelkopf*
                                            Matthew D. Schelkopf
                                            **Sauder Schelkopf LLC**
                                            1109 Lancaster Avenue

7

Berwyn, Pennsylvania 19312
Telephone: (610) 200-0581
mds@sstriallawyers.com

By:   */s/ Matthew Mendelsohn*
Matthew Mendelsohn
**Mazie Slater Katz & Freeman, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 228-9898
mrm@mazieslater.com

By:   */s/ Adam Polk*
Adam Polk
**Girard Sharp LLP**
601 California St #1400
San Francisco, CA 94108
Telephone: (866) 981-4800
apolk@girardsharp.com

*Proposed Interim Co-Lead Counsel*

By:   */s/ Benjamin F. Johns*
Benjamin F. Johns
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: 610-642-8500
bfj@chimicles.com

*Proposed Chair of the Executive Committee*

By:   */s/ Todd Garber*
Todd Garber

8

STIPULATION AND [PROPOSED] ORDER FOR THE APPOINTMENT
OF INTERIM COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**
One North Broadway
Suite 900
White Plains, NY 10605
Telephone: (914) 298-3281
tgarber@fbfglaw.com

By:   */s/ Daniel Herrera*
Daniel Herrera
**Cafferty Clobes Meriwether & Sprengel LLP**
150 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 782-4880
dherrera@caffertyclobes.com

By:   */s/ Tina Wolfson*
Tina Wolfson
**Ahdoot & Wolfson, P.C.**
1016 Palm Ave
West Hollywood, CA 90069
Telephone: (310) 474-9111
twolfson@ahdootwolfson.com

*Proposed Executive Committee*

By:   */s/ Bruce Greenberg*
Bruce Greenberg
**Lite DePalma Greenberg, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
bgreenberg@litedepalma.com

*Proposed Liaison Counsel*

9

## [PROPOSED] ORDER

PURSUANT TO STIPULATION IT IS SO ORDERED.

Dated: _____

                            _____
HONORABLE JOEL SCHNEIDER
UNITED STATES MAGISTRATE COURT
JUDGE

10

STIPULATION AND [PROPOSED] ORDER FOR THE APPOINTMENT
OF INTERIM COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)