# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SUBARU BATTERY DRAIN PROD.LIAB. LITIG. | No. 1:20-cv-03095-JHR-MJS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement fully executed on April 29, 2022 (the "Settlement Agreement" or "Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval, Plaintiffs' motion is GRANTED.

IT IS HEREBY ORDERED as follows:

1.  This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2.  This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendants Subaru of America, Inc. and Subaru Corporation (together, "Subaru" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3.  The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were

1

supervised by an experienced mediator. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

4. The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration at the Final Fairness Hearing described below, and warrants issuance of notice to the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon preliminary evaluation and for purposes of Settlement only, that it will likely be able to certify the Settlement Class as follows:

> All natural persons, who are residents of the continental United States, including Hawaii or Alaska, who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, including Alaska or Hawaii.

Excluded from the Settlement Class are (a) anyone claiming personal injury or property damage (a vehicle owner who experiences a Qualifying Battery Condition or Qualifying Battery failure in a Settlement Class Vehicle are included regardless of whether they additionally experienced personal injury or property damage for which they do not make a claim) and/or subrogation; (b) all Judges who have presided over the Action and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a

2

Settlement Class Vehicle solely for the purpose of resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims; (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class; and (l) third party issuers.

6. For purposes of this Order and the Settlement, Settlement Class Vehicles mean model year 2015-2020 Outback, 2015-2020 Forester, 2015-2020 Legacy, 2015-2020 WRX, and 2019-2020 Ascent.

7. The Court preliminarily finds that the settlement is likely to receive final approval and the Settlement Class will likely be certified for settlement purposes only. The Court concludes that the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3): (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

8. The Court appoints Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC, Matthew D. Schelkopf of Sauder Schelkopf LLC and Adam Polk of Girard Sharp, LLP, as

Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

9.  The Court hereby appoints Plaintiffs Amy Burd, Walter Gill, David Hansel, Glen McCartney, Roger Baladi, Tamara O'Shaughnessy, Anthony Franke, Matthew Miller, Steven Stone, Howard Bulgatz, Mary Beck, David Davis, and Colin George to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

10. The Court approves the form and content of the Class Notice.  The Court finds that the mailing of the Class Notice substantially in the manner and form set forth in the Agreement satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice.

   a.  Within 90 days after entry of the Preliminary Approval Order, Subaru shall – at its expense – cause the First Class Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Agreement.  The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary under the circumstances.

   b.  Subaru shall also provide through the Settlement Administrator—also at its expense—a toll-free number with live operators to field questions from Settlement Class Members; set up a dedicated website that will include the notice, claim form, Settlement Agreement and other relevant materials; and notify its dealers of the Settlement.

    c. No later than ten (10) days before the Fairness Hearing, Subaru shall file with the Court an affidavit setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement.

11. The Claim Form is approved for dissemination to the Settlement Class Members, subject to any non-material changes to which the parties may agree.

12. The Court hereby appoints JND Legal Administration to serve as the Settlement Administrator to supervise and administer the notice procedures, administer the claims processes, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

13. If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by filling out and returning the Request for Exclusion Form. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before forty-five (45) days after the date of the mailing of Notice to Settlement Class Members. The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel within thirty (30) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

14. If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall state in writing (a) the Settlement Class Member's full name, current address and telephone number; and (b) specifically and unambiguously state in writing his or her desire to be excluded from the

Settlement Class and election to be excluded from any judgment entered pursuant to the settlement. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants.

15. Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Fairness Hearing, the Settlement Class Member must make an objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"), with the Court within forty-five (45) days after the date of the mailing of Notice to Settlement Class Members.

1. To state a valid objection to the Settlement, an objecting Settlement Class Member must: (a) set forth the objector's full name, current address, and telephone number; (b) the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (c) state that the objector has reviewed the Settlement Class definition and understands in good faith that he or she is a Settlement Class Member; (d) a written statement of all grounds for the objection accompanied by any legal support for such objection sufficient to enable the parties to respond to those specific objections; (e) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (f) state whether the Settlement Class

Member complained to Defendants or an Authorized Subaru Retailer about a Qualifying Battery Failure or Qualifying Battery Condition or has had any Qualifying Reimbursable Repairs and, if so, provide evidence of any such complaint or repairs; and (g) shall provide a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number (If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he or she shall affirmatively so state in the objection). Objections shall be filed via the Court's electronic filing system, and if not filed via the Court's electronic system, must mail, postmarked by the date specified in the Preliminary Approval Order, the objection to the Court and also serve by first-class mail copies of the objection upon:

> Clerk of the Court
> United States District Court
> District of New Jersey
> Mitchell H. Cohen Building
> & U.S. Courthouse
> 4th & Cooper Streets
> Camden, New Jersey 08101
>
> Matthew Mendelsohn
> Mazie Slater Katz & Freeman, LLC
> 103 Eisenhower Parkway
> Roseland, NJ 07068
>
> Neal Walters
> Ballard Spahr, LLP
> 700 East Gate Drive, Suite 300
> Mount Laurel, NJ 08054.

16.     Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be

7

foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

17. The Final Fairness Hearing shall be held on or immediately after 160 days following this Order Preliminarily Approving Settlement. The Court hereby schedules the Final Fairness Hearing for **November 29, 2022**, at **11:00** **a.m**. in Courtroom 5D of the United States District Court for the District of New Jersey, Camden Division, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for service awards to the class representatives should be approved. The Court may adjourn the Final Fairness Hearing without further notice to Settlement Class Members.

18. Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

19. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than October 21, 2022 (14 days prior to the objection and opt-out deadline).

20. Settlement Class Members shall have until sixty (60) days after the Effective Date to submit claim forms. Claim forms must be postmarked by that date to be considered timely.

21. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

22. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time.  The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are VACATED.

**IT IS SO ORDERED on this  23           day of   June        , 2022.**

/s/ Joseph H. Rodriguez

HONORABLE JOSEPH H. RODRIGUEZ
UNITED STATES DISTRICT JUDGE